IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD ALAN HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 06-CV-0645 |
| | ) | |
| SILAS M. IRVIN, TIMOTHY WRIGHT, | ) | |
| DENNIS ROLKE, CAPTAIN R. SAVICH, | ) | |
| LIEUTENANT DIAMOND, and | ) | |
| ADMINISTRATIVE WARDEN HENRY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 3, 2006, Plaintiff Chad Alan Hicks initiated this suit by filing his first complaint *pro se*. See DE 1. With the assistance of appointed counsel, Plaintiff filed his Second Amended Complaint ("Complaint") on July 16, 2007, alleging in Count I (against all defendants) that his cell conditions violated the Eighth Amendment's prohibition on cruel and unusual punishment and alleging in Count II (brought only against Defendant Rolke) that Plaintiff was deprived of his First Amendment rights by being placed in administration detention in retaliation for the filing of this lawsuit. See DE 48. On November 30, 2007, Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment. See DE 62. Defendants contend that Plaintiff failed to exhaust his administrative remedies and thus is prohibited from proceeding before this Court. For the reasons set forth below, Defendants' motion to dismiss is denied, and Defendants' alternative motion for summary judgment is denied without prejudice as premature.

## II. Background

According to the allegations in the Complaint, which this Court must accept as true for purposes of Defendants' motion to dismiss, Plaintiff was first housed in the Metropolitan Correctional Center ("MCC"), Chicago's federal detention facility, on or around August 16, 2005. Plaintiff alleges that this suit arises out of a false accusation by Defendants Rolke and Wright that Plaintiff assaulted Defendant Rolke in the MCC on October 8, 2005. Plaintiff contends that he did not attack or threaten Defendant Rolke. Plaintiff further alleges that Defendants Rolke and Wright placed Plaintiff in segregation in a "dry cell," meaning that he had no water to care for himself or to drink, except for a small cup with meals. Plaintiff further alleges that during various points of his six-day segregation, his cell was inhabited by crawling bugs and inundated with feces when toilets in adjacent cells flushed. Plaintiff alleges that complaints that he lodged with Defendant Irwin (the warden) and Defendants Savich, Diamond, and Henry went unanswered. Plaintiff finally alleges that he was subject to retaliatory harassment by Defendant Rolke. Specifically, Plaintiff states that four days after summons issued against Defendants Rolke, Wright, and Irvin in this case, he again was placed in segregation by Defendant Rolke without proper justification.

Defendants collectively moved to dismiss this case, or in the alternative, for summary judgment, on November 30, 2007. See DE 62. Plaintiff filed its opposition on February 25, 2008. See DE 76. Defendants replied on March 24, 2008. See DE 80. The issues are now fully briefed before the Court.

**II.    Analysis**

   **A.    Defendant's Motion to Dismiss**

Defendants first contend that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff failed to exhaust administrative remedies available to him under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). See DE 62, 63. Section 1997e(a) outlines the mandatory exhaustion requirements for cases where, as here, an inmate complains of his or her prison conditions and files an action under 42 U.S.C. § 1983. See *Jones v. Bock*, 127 S. Ct. 910, 914 (2007). The Supreme Court specifically has held, however, that "the failure to exhaust is an affirmative defense under PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 127 S. Ct. at 921; see also *Thomas v. Kalu*, 218 Fed. Appx. 509, 512 (7th Cir. 2007) (citing *Jones* and explaining that "[p]risoners need not allege that they have exhausted administrative remedies; rather, failure to exhaust is an affirmative defense"). The Supreme Court also recognized that, consistent with the usual practice relating to dismissal based upon an affirmative defense under the Federal Rules of Civil Procedure, a prisoner's complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) in some circumstances for a failure to exhaust. See *Jones*, 127 S. Ct. at 921 (concluding that failure to exhaust may be a basis for dismissal for failure to state a claim).

The Court therefore considers whether Defendants can show that dismissal of Plaintiff's claims is appropriate under Fed. R. Civ. P. 12(b)(6). A complaint does not fail to state a claim simply because some defense potentially is available. See, *e.g.*, *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 627 (7th Cir. 2003). Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate on the basis of an affirmative defense only where the plaintiff pleads himself or

herself out of court by "admitt[ing] all the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Here, Plaintiff makes no mention of his efforts to exhaust his administrative remedies within the prison system in his complaint. But, as noted above, that omission is not fatal to Plaintiff's claim at this stage of the case. See *Jones*, 127 S. Ct. at 921. At most, Plaintiff alleges that he made complaints to prison officials and those complaints went unanswered. See, *e.g.*, DE 48, Complaint ¶¶ 26, 28, 30, 32. In support of their motion, Defendants attach two documents that they contend that the Court may consider because the documents are "public records," of which they assert the court may take judicial notice. See DE 63 at 2. First, Defendants attach an affidavit from Vincent Shaw, a Senior-Attorney Advisor for the Bureau of Prisons at the Metropolitan Correctional Center. Second, Defendants attach documents ("Attachment 1") that Defendants assert are records accessed and printed by Vincent Shaw, as Mr. Shaw verified in an affidavit.

The Court first addresses Defendants' assertion that the Court may take judicial notice of the attachments because they are public records. A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment under a narrow exception to the general admonition against considering materials outside the pleadings "to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); see also *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). Matters of public record include state statutes, city charters, city ordinances, and public court documents, because they fall within the category of "common knowledge" and are thus proper subjects for judicial notice. See *Demos v. City of Indianapolis*,

302 F.3d 698, 706 (7th Cir. 2002) (citations omitted) (noting that state statutes, city charters, and city ordinances are matters of public record); *Quincy Mall, Inc. v. Parisian, Inc.*, 27 Fed. Appx. 631, 636 (7th Cir. 2001) (noting that public court documents are matters of public record); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (noting that public court documents are matters of public record). Defendants cite to two cases which they assert support the notion that courts may take judicial notice of documents pertaining to exhaustion of administrative remedies, but the findings in those cases are inapposite here and do not support judicial notice of the records before this Court.[1] See DE 63 at 2. Vincent Shaw's affidavit is clearly not a public record. It is a document created specifically for the purpose of supporting Defendants' motion and does not fall within the category of "common knowledge." Instead, Mr. Shaw provides specific details about the Bureau of Prisons internal systems which are not facts generally known to the public. Similarly, the documents printed out and attached to Mr. Shaw's affidavit as "Attachment 1" appear to be internal records kept at the MCC. The Court fails to see how these documents fall within the category of "common knowledge" – akin to readily accessible state statutes or city ordinances – that fall within the purview of judicial notice when considering a motion to dismiss.

In sum, considering Plaintiff's Second Amended Complaint in the light most favorable to Plaintiff, there are no facts in the complaint that support Defendants' contention that Plaintiff has

---

[1] In *Walker v. Woodford*, the district court held that it could properly take judicial notice of the exhaustion information at issue because it was made available in a state administrative proceeding that was already part of the public record. 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006). The information provided by Defendants here is not part of any prior proceeding but appears to have been compiled specifically for purposes of supporting this motion. In *Smart v. Goord*, the district court did not discuss judicial notice at all, but rather held it could consider documents outside of the pleadings when considering a 12(b)(6) motion because "exhaustion of administrative remedies is a prerequisite to bringing suit." 441 F. Supp. 2d 631, 637 (S.D.N.Y. 2006). That approach, adopted by some courts prior to *Jones v. Bock*, required the plaintiff to demonstrate that he had exhausted his remedies in his complaint. As discussed above, the Supreme Court in *Jones* has since rejected such a requirement.

failed to state a claim because Plaintiff failed to exhaust his administrative remedies. In accordance with Fed. R. Civ. P. 8(d), Plaintiff adequately pleads "simple, concise, and direct" allegations that lay out his claims against Defendants. Defendants' motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) therefore is denied.

B.      Summary Judgment

In the alternative, Defendants seek summary judgment, again offering Mr. Shaw's affidavit and the attachments thereto in support of their contention that as a matter of law, Plaintiff has failed to exhaust his administrative remedies. Several reasons counsel against considering Defendants' motion as one for summary judgment at this time. To begin with, the parties failed to comply with the local rules of this district governing summary judgment. Local Rule 56.1 requires the moving party to submit a statement of undisputed facts in support of their motion and the non-moving party not only to respond to those statements of fact but also to submit its own statement of additional facts in support of its position. The motion before the court was not briefed in accordance with Local Rule 56.1.

Moreover, even if the Court were to overlook the non-compliance with Local Rule 56.1, consideration of whether any material facts exist to preclude summary judgment is premature at this stage of the case. See *Enesco Group, Inc. v. Jim Shore Designs, Inc.*, 2005 WL 3334436, at *5 (N.D. Ill. Dec. 6, 2005). The Court is not aware of any formal discovery that had commenced as of the time that Defendants filed their motion.[2] On the basis of the Shaw affidavit and the attached records alone, without allowing Plaintiff the benefit of testing the veracity of the information provided, the record remains too underdeveloped to permit the Court to rule as a matter of law that Plaintiff failed to exhaust his administrative remedies.

---

[2] The Court notes that according to the docket no discovery schedule has been set by this Court or by the judge previously presiding over this case.

The Court cautions that it is not finding that there *are* disputed issues of material fact in this case that cannot be resolved in a motion for summary judgment. See *id.* Rather, the Court simply finds that the current record has not been sufficiently developed with respect to the issue of whether Plaintiff properly exhausted his administrative remedies. Therefore, Defendant's motion for summary judgment is denied without prejudice. The parties will be free to file dispositive motions after the completion of fact discovery.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss (DE 62) is denied. In addition, Defendants' motion in the alternative for summary judgment is denied without prejudice as premature. The parties may file appropriate additional dispositive motions in accordance with the Federal Rules and the local rules of this district after further development of the factual record in this case.

Dated: May 15, 2008

_____
Robert M. Dow, Jr.
United States District Judge